### CONRAD FISHER v. ADAM SAFFER.

A building called a " shanty," about twenty feet square, fronting upon a street, with a chimney, door, and windows, divided into two apartments and a garret, and occupied by a family; was held a part of the freehold, and not a personal chattel, there being no proof that it merely rested upon the soil with no impediment to its removal but its own weight, nor that it was held upon terms giving the tenant liberty to remove it.

*It seems*, that where a building *is shown* to be a mere temporary structure of boards or other cheap materials, put together and occupied by a squatter, or a person having a precarious tenure on the land of another, and so constructed as to be readily removed from place to place; it will not be deemed a part of the realty.

Under an execution upon a justice's judgment, a levy and sale can be made upon goods and chattels only.

THE plaintiff in this action obtained a judgment in the sixth district court, against the defendant, for damages for the detention, by the latter, of a small wooden structure or tenement, described in the opinion which follows. The plaintiff claimed title to the property as the purchaser under a sale upon an execution issued pursuant to a judgment of a justice's court, against the original owner. The defendant set up an adverse claim, and alleged that he afterwards bought the property directly from the owner, and that the sale under the execution was void.

The cause came up on the defendant's appeal, and the question was, whether the property was personal or real.

*David E. Wheeler*, for the appellant.

*R. H. Shannon*, for the respondent.

BY THE COURT. DALY, J.—This action was brought against the defendant for detaining a building denominated a "shanty." The building was sold under an execution issued upon a justice's judgment, and was purchased by the plaintiff. It had originally belonged to a Mrs. Bernstein, the person against whom the execution issued, and had been transferred by her to the defendant. This transfer was alleged to be fraudulent, and the building was levied upon and sold as a part of her property. Several objections were raised against the plaintiff's right of recovery, but the main one relied upon was, that the building was a part of the freehold, and not subject to levy and sale under an execution upon a justice's judgment.

An execution upon a justice's judgment can issue only against "*goods and chattels.*" (2 Rev. Laws, 391.) The point to be determined, therefore, is, whether this was a personal chattel; for if it was not—if it was a part of the realty—the plaintiff acquired no title by the levy and sale.

All that can be gathered from the evidence of the nature of this structure is, that it was a building about twenty feet square, on the front of a lot on 38th street, containing a room, a bedroom, and a garret, with a chimney, windows, and a door, and was occupied as a dwelling by the defendant and his family at the time of the levy. The access to it was from the street. Upon this evidence I have no hesitation in saying, that a building thus used for human habitation must be deemed a part of the realty. Though if it had appeared that it was simply resting upon the soil, so that the only impediment to its removal would be its own weight, it might, upon the authority of adjudged cases, be treated as a mere personal chattel. (*Rex* v. *Otley*, 1 B. and Adolph. 161; *Wanslenagh* v. *Martin*, 4 Adolph. and Ellis, 884; *Elwes* v. *Maws*, 3 East, 55; *Rex* v. *The Inhabitants of London*, 6 D. and E. 377; *Stewart* v. *Lambe*, 4 Mas. 281; 1 B. and Bing. 506; *Lawton* v. *Salmon*, 1 H. B. 259, note; *Fitzherbert* v. *Shaw*, 2 H. B. 258; Gibbons on Fixtures, 3, 15; Grady's Law of Fix. 2; 2 Kent's Com. 342; *Miller* v. *Plumb*, 6 Cow. 665; *Walker* v. *Sherman*, 20 Wend. 636.) In *Smith* v. *Benson*, (1 Hill, 176,) the tenant

erected a building which was used as a grocery store and dwelling house. It was set upon blocks, or pins driven into the ground. Some of the witnesses swore that it was elevated above the surface, and did not rest on the ground nor on stones; others thought that it rested on the ground, and that there was a cellar under it, that the linter part in the rear rested on the ground, and that there was a chimney in it. Cowen, J., said that, "*prima facie*, such a building would be a fixture, and would not be removable." But as it appeared in the case that it was erected with the understanding that it might be removed by the tenant, it was held, as between vendor and vendee, to be a personal chattel. And in *Buckley* v. *Buckley*, (11 Barb. 63,) the rule as it exists in this state as between vendor and vendee, grantor and grantee, mortgagor and mortgagee, and the heir and the personal representatives of the deceased, is laid down by Hand, J., as follows: "Whatever is annexed or affixed to the freehold, by being let into the soil, or annexed to it, or to some erection upon it, *to be habitually used there*, particularly if for the purpose *of enjoying the realty*, or some profit therefrom, is a part of the freehold." We are told by the counsel for the respondent, that a "shanty" is a mere temporary structure of boards or other cheap materials, serving as a residence, made by a squatter or other person, having a precarious tenure on the soil of another, and so constructed as to be readily removed from place to place. This may be a correct definition of the kind of building known by that name; and if there was any evidence here to show that the building in question was a structure of that description, it would be no more a part of the realty than a tent or any other movable dwelling. All that we know about it is, that it stood fronting upon a public street, that it had a chimney, windows and door, that it was divided into apartments, and that it served as a dwelling house for the defendant and his family; and with but that knowledge respecting it, we would not be warranted upon principle or authority in declaring it to be a personal chattel. If the facts lead to any presumption, it is, that from the nature of the building, the position it occupied,

and the use to which it was applied, it was a part of the free-hold. In determining the point before us, it would serve little purpose to advert to the many rules that have been laid down with the view of ascertaining what is, or what is not, a fixture. It was well remarked by Chief Justice Dallas, in *Stewart* v. *Lambe,* (1 Bro. and Bing.,) "that every case of this sort must depend mainly upon its own circumstances."

Judgment reversed.